**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PATTY MANJARRES, on behalf of RICK MANJARRES, an incapacitated adult,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CONTINENTAL TIRE NORTH AMERICA, INC.,<br><br>　　　　Defendant. | No. CV 06-1037-PHX-MHM<br><br>**ORDER** |

Presently pending before this Court are Defendant's Motion to Dismiss (Dkt. #3) and Defendant's Motion for Sanctions (Dkt. #17). Both Motions are fully briefed. The Court, having considered all of the papers submitted, including Supplemental Authority from both parties, and having heard and considered oral argument on the Motions, hereby issues the following Order.

BACKGROUND

The instant lawsuit is a product liability action arising from a single vehicle accident that occurred on September 11, 1999. On November 7, 2005, Plaintiff Ricky Manjarres filed

1  suit against Defendant Continental Tire North America ("CTNA") in the Superior Court of
2  Arizona in Pinal County. Defendant timely removed the lawsuit to the United States District
3  Court, District of Arizona pursuant to 28 U.S.C. §§ 1441 and 1446. After removal, the case
4  was initially assigned to United States Magistrate Judge Charles Pyle in Tucson, but it was
5  transferred to this Court shortly thereafter.

6  The Plaintiff in the instant matter was the plaintiff in a previous matter arising out of
7  the same collision. In that lawsuit, initiated on September 8, 2000, Plaintiff and others sued
8  Pinal County and alleged that the road on which the accident occurred had been negligently
9  maintained. Manjarres et. al. v. Pinal County, CV 2000-22115 ("Manjarres I"). On
10 November 29, 2000, the plaintiffs in Manjarres I disclosed an engineering report that alleged
11 the front left tire of the subject vehicle, a Big O Bigfoot AT tire, was defective. During the
12 Manjarres I litigation, plaintiffs' counsel learned that CTNA manufactured and sold the
13 defective tire to Big O Tires ("Big O").

14 On March 7, 2000, Pinal County, defendant in Manjarres I, named Big O as a non-
15 party at fault. On September 6, 2001, the plaintiffs in Manjarres I filed an amended
16 complaint naming Big O as a defendant. On January 16, 2002, Big O tendered defense of
17 the action to CTNA, which CTNA accepted. Plaintiffs did not seek to add CTNA as a
18 defendant at that time. On February 22, 2002, one of Big O's co-defendants named the then-
19 unidentified tire manufacturer as a non-party at fault. Plaintiffs still did not add CTNA as
20 a defendant. Again, Plaintiffs did not seek to add CTNA as a defendant at that time.

21 On June 7, 2002, the court in Manjarres I issued a pretrial scheduling order, which
22 included a discovery cutoff date of December 31, 2002. On January 15, 2003, after the
23 discovery deadline, plaintiffs moved to amend their complaint to add CTNA as a defendant.
24 The Honorable Pendleton Gaines denied plaintiffs' request as untimely. In so doing, Judge
25 Gaines noted that the circumstances giving rise to plaintiffs' amendment were known to
26 plaintiffs as early as November 2001. The plaintiffs did not appeal Judge Gaines' decision.
27
28

1  Nor did plaintiffs file a separate, contemporaneous action to allege that the statute of
2  limitations was tolled either by the discovery rule or by Ricky Manjarres' disability.
3       On April 8, 2004, Big O offered plaintiffs an offer of judgment pursuant to Rule 68
4  of the Arizona Rules of Civil Procedure, in the amount of $900,000. Plaintiffs accepted the
5  offer on May 4, 2004. Judgment was entered, and the full amount of the judgment, including
6  costs, was subsequently paid in full by CTNA on Big O's behalf.

LEGAL STANDARD

8       A motion to dismiss for failure to state a claim will be denied unless it is "clear that
9  no relief could be granted under any set of facts that could be proved consistent with the
10 allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing
11 Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). A
12 complaint must contain a "short and plain statement of the claim showing that the pleader is
13 entitled to relief." Fed.R.Civ.P. 8(a). "Each averment of a pleading shall be simple, concise,
14 and direct. No technical forms of pleading or motions are required." Fed.R.Civ.P. 8(e). In
15 all averments of fraud or mistake, however, the circumstances constituting fraud or mistake
16 must be stated with particularity. Fed.R.Civ.P. 9(b). The allegations must be "specific
17 enough to give defendants notice of the particular misconduct which is alleged to constitute
18 the fraud charged so that they can defend against the charge and not just deny that they have
19 done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). These rules
20 "do not require a claimant to set out in detail the facts upon which he bases his claim. To the
21 contrary, all the Rules require is 'a short and plain statement of the claim' that will give the
22 defendant fair notice of what the plaintiff's claim is and the grounds on which it rests."
23 Conley v. Gibson, 355 U.S. 41, 47 (1957).

DISCUSSION

25 I.   MOTION TO DISMISS
26      In its Motion to Dismiss, Defendant CTNA asserts that CTNA and Big O are treated
27 as a single entity for purposes of apportionment of fault and, therefore, Plaintiffs' Complaint

- 3 -

1 is barred by operation of the satisfaction of judgment doctrine. Plaintiff, on the other hand,
2 asserts a number of arguments as to why this lawsuit should be allowed to proceed. Plaintiff
3 argues the following: (a) Plaintiff's acceptance of Big O's offer of judgment in <u>Manjarres</u>
4 <u>I</u>, pursuant to Rule 68, was not an adjudication on damages and the satisfaction of judgment
5 by Big O did not release or bar a claim against CTNA; (b) Big O and CTNA are different
6 entities with distinct liability to Plaintiff; (c) Big O took advantage of CTNA's non-party
7 status in an attempt to impair the value of the plaintiffs' claim; (d) Big O resisted adding
8 CTNA as a defendant in <u>Manjarres I</u>, thus, the denial of the motion to amend in <u>Manjarres</u>
9 <u>I</u> is not an adjudication on the merits that would preclude the instant action against CTNA;
10 and (e) finding a Rule 68 settlement made with one tortfeasor bars a claim against another
11 tortfeasor would create disincentive for parties to enter into Rule 68 "settlements."

12 A.    RULE 68 AND "ACTUALLY LITIGATED"

13       Defendant cites the Supreme Court of Arizona case of <u>4501 Northpoint LP v.</u>
14 <u>Maricopa County</u>, 212 Ariz. 98, 216 (2006) to argue that acceptance of a Rule 68 offer of
15 judgment acts as an adjudication on the merits. Defendant rationalizes that, because a Rule
16 68 offer of judgment is an adjudication on the merits, Plaintiff's claims are barred now for
17 the purposes of *claim preclusion*, which does not require "actual litigation."

18       Plaintiff argues that <u>Northpoint</u> is inapplicable because the opinion is limited to
19 whether the Rule 68 judgment entitled the prevailing party to seek fees under the Arizona
20 taxpayer attorney's fees statute. Plaintiff assert that the holding did not address whether a
21 Rule 68 offer of judgment was an adjudication of the amount of damages, nor that it
22 precluded a plaintiff from seeking redress from a separate tortfeasor. Plaintiff urges the
23 Court to consider, instead, the Restatement (Second) of Judgments §51, comment e,[1] to find

---

[1] Plaintiff cites to the Restatement (Second) of Judgments §51, *comment d* but the Court interprets Plaintiff's citation to mean *comment e.*

- 4 -

1  that the issues in the instant lawsuit not to have been "actually adjudicated" in the previous
2  lawsuit due to the Rule 68 judgment rather than a judgment following a jury trial.

3        Arizona follows the Restatement only when there is no pertinent state court decision.
4  Jesik v. Maricopa County Community College Dist., 125 Ariz. 543, 546, 611 P.2d 547, 550
5  (1980).  Therefore, Restatement (Second) of Judgments §51, comment e, is superceded by
6  Northpoint.  The court in Northpoint held that a taxpayer who accepts an offer of judgment
7  in the taxpayer's favor under Rule 68 of the Arizona Rules of Civil Procedure has prevailed
8  by an adjudication on the merits.  Though the case pertained to the valuation of a taxpayer's
9  real property, the holding addressed the more general issues of whether a Rule 68 offer of
10 judgment is considered an adjudication.

11       In Northpoint, the Arizona Supreme Court found that an "adjudication on the merits"
12 does not require a trial or a hearing.  Northpoint 128 P.3d at 217.  The court in Northpoint
13 stated that a Rule 68 judgment is for all accounts and purposes just that – a judgment.  Id. at
14 220.  Here, as in Northpoint, the parties could have negotiated a settlement agreement, rather
15 than a judgment, but they did not.  Id.  Thus, it is this Court's determination that the Rule 68
16 judgment in Manjarres I was an adjudicated judgment.

17 B.    CLAIM PRECLUSION

18       To determine whether two lawsuits present the same cause of action, thereby barring
19 the second one by way of claim preclusion, Arizona law considers "whether proof of the
20 claims in the two cases depends upon the same evidentiary facts."  Ross v. Int'l Bhd. of Elec.
21 Workers, 634 F.2d 453, 458 (9th Cir. 1980) (collecting Arizona cases and applying Arizona
22 claim preclusion law), Rousselle v. Jewett, 101 Ariz. 510, 513, 421 P.2d 529, 532 (1966).
23 As applied, the "same evidence test" means that "two causes of action which arise out of the
24 same transaction or occurrence are not the same for purposes of [claim preclusion] if proof
25 of different or additional facts will be required to establish them."  E.C. Garcia & Co. v. Ariz.
26 State Dep't of Revenue, 178 Ariz. 510, 520, 875 P.2d 169, 179 (Ct.App. 1993).

1 Defendant cites Bridgestone/Firestone North America Tire, LLC v. Naranjo, 206 Ariz. 447, 450, 79 P.3d 1206, 1209 (App. 2003) to assert that in a case where a judgment represents the total measure of damages sought for plaintiff's indivisible injury, satisfaction of that judgment releases all other tortfeasors from liability. In his Response to Defendant's Motion to Dismiss and at oral argument on the Motion, Plaintiff has distinguished Naranjo by arguing that the plaintiff in Naranjo sought to recover for the same injuries from a second defendant in a subsequent lawsuit after the previous lawsuit was *actually litigated* and a *jury* awarded damages to the plaintiff as opposed to the Rule 68 judgment plaintiffs received in Manjarres I.

However, Plaintiff's distinction is irrelevant. In determining whether a *claim* is precluded from subsequent litigation, the important distinction is whether the proof required in the two cases depends upon the same evidentiary facts, thereby rendering the injury indivisible. Thus, Plaintiff's contention that CTNA and Big O are distinct entities is immaterial. Rather, Plaintiff would need to demonstrate how the injuries for which he seek damages here are separate from the injuries for which the plaintiffs in Manjarres I were compensated for in the original lawsuit. Plaintiff has not drawn this distinction in either his Response to Defendant's Motion nor at oral argument. In fact, Plaintiff concedes that the injuries here are the same injuries that were at issue in Manjarres I.

C. SATISFACTION OF JUDGMENT

Arizona Revised Statute § 12-2502 states that,

In determining the pro rata share of tortfeasors in the entire liability:

1. Their relative degrees of fault are the basis for allocation.

2. If equity requires, the collective liability of some as a group constitutes a single share.

3. Principles of equity applicable to contribution generally apply.

1 Plaintiff does not discuss the application of A.R.S. § 12-2502 to the instant case but, 2 instead, argues the following: (a) that CTNA changed its position regarding its relationship 3 with Big O between the first lawsuit and the instant lawsuit, thereby mooting its theory of 4 judicial estoppel; (b) that CTNA "took advantage" of it's non-party status in the previous 5 lawsuit; and (c) that Big O's resistance in Manjarres I to the plaintiffs adding CTNA as a 6 defendant after the close of discovery supports Plaintiff right to sue CTNA in the instant 7 lawsuit.

8 However, CTNA has not moved to dismiss the instant lawsuit based on judicial 9 estoppel, which would require the same parties litigating both lawsuits.  Rather, CTNA has 10 asserted that the case is bared based on the doctrine of satisfaction of judgment.  Specifically, 11 CTNA asserts that it was the manufacturer of the defective tire at issue in Manjarres I, and 12 that Big O accepted CTNA's tender of defense pursuant to A.R.S. § 12-684.  Therefore, 13 pursuant to the satisfaction of judgment doctrine, CTNA's subsequent satisfaction of the 14 $900,000 judgment against Big O in Manjarres I, binds Plaintiff to the $900,000 judgment 15 for his injuries.

16 Defendant cites the Restatement (Third) of Torts: Apportionment of Liability §7, 17 Comment j, to show the appropriateness of treating CTNA and Big O as the same entity for 18 the purposes of assigning responsibility for Plaintiff's injuries.  Restatement (Third) of 19 Torts"Apportionment of Liability §7 (emphasis added), states as follows:

> When a party is liable solely on the basis of another person's tortious conduct, there is no direct responsibility to assign to the party to whom liability is imputed.  In that situation, <u>the party who committed the tortious acts or omissions and the party to whom liability is imputed are treated as a single unit for the assignment of responsibility.</u>  For example, an employer who is vicariously liable for the negligence of an employee and the employee are treated as a single entity.  Similarly, <u>an innocent retailer and a manufacturer of a defective product are treated as a single entity.</u>

Arizona's comparative liability statute supports the rule of a single assignment of responsibility for both the direct and imputed tortfeasor.  Reporters' Note to Comment j.

- 7 -

1  "When multiple parties are treated as a single entity for the purpose of assigning
2  responsibility pursuant to § 7, Comment j, a settlement with one of those parties extinguishes
3  the liability of the others."  Restatement (Third) of Torts: Apportionment of Liability §16,
4  Comment d.

5  Plaintiff argues that Restatement (Third) of Torts: Apportionment of Liability §§ 7
6  and 16 do not apply in Arizona.  Plaintiff cites First Nat. Bank of Arizona v. Bennett
7  Venture, Ltd., 130 Ariz. 562, 563, 637 P.2d 1065, 1066 (App. 1981) for the proposition that
8  Arizona follows the Restatement only when there is no pertinent state court decision.
9  Plaintiff's statement of law is correct.  However, in making his argument, Plaintiff has not
10 provided case law to show that the Restatement (Third) of Torts: Apportionment of Liability
11 §§ 7 and 16 have been superceded by on-point case law.  Nevertheless, Plaintiff urges the
12 Court, instead, to apply Restatement (Second) of Judgments § 27.

13 The Restatement (Second) of Judgments § 27, Issue Preclusion, states as follows:
14 "When an issue of fact or law is actually litigated and determined by a valid and final
15 judgment, and the determination is essential to the judgment, the determination is conclusive
16 in a subsequent action between the parties, whether on the same or a different claim."  The
17 Court has already stated above that the relevant discussion in this case is *claim preclusion*,
18 which does not require "actual litigation," rather than *issue preclusion* which does require
19 actual litigation.  Accordingly, Section 27, Issue Preclusion, is inapplicable.

20 Plaintiff cites Kirkpatrick v. Chrysler Corp., 920 P.2d 122 (Okla. 1996), an Oklahoma
21 case that relied on the Restatement (Second) of Judgment §50, to assert that because an offer
22 of judgment was used in Manjarres I, rather than "actually litigating" the claims, the "one
23 satisfaction" rule is inapplicable and Plaintiff is free to pursue his claims against CTNA in
24 the instant lawsuit.

25 The Restatement (Second) of Judgments §50, "Discharge of Judgment Against One
26 of Several Co-Obligors," states as follows:

27
28
- 8 -

> When a Judgment has been rendered against one of several persons each of whom is liable for a loss claimed in the action on which the judgment is based:
>
> (1) A satisfaction or release of the judgment or covenant not to execute upon it, or other agreement terminating in whole or in part the judgment debtor's obligation, does not discharge the liability of any of the other persons liable for the loss except:
>
>    (a) To the extent that agreement may so provide; and
>
>    (b) To the extent required by the law of suretyship.
>
> (2) Any consideration received by the judgment creditor in payment of the judgment debtor's obligation discharges, to the extent of the amount of value received, the liability to the judgment creditor of all other persons liable for the loss.

However, Kirkpatrick is not precedent here. Furthermore, Restatement (Second) of Judgments §51 is more apropos to the instant case because of CTNA's vicarious responsibility for the defective tire that caused the accident at issue in Manjarres I.

The Restatement (Second) of Judgments §51, "Persons Having a Relationship in Which One is Vicariously Responsible for the Conduct of Another," states as follows:

> If two persons have a relationship such that one of them is vicariously responsible for the conduct of the other, and an action is brought by the injured person against one of them, the judgment in the action has the following preclusive effects against the injured person in a subsequent action against the other.
>
> (1) A judgment against the injured person that bars him from reasserting his claim against the defendant in the first action extinguishes any claim he has against the other person responsible for the conduct unless:
>
>    (a) The claim asserted in the second action is based upon grounds that could not have been asserted against the defendant in the first action; or
>
>    (b) The judgment in the first action was based on a defense that was personal to the defendant in the first action.
>
> (2) A judgment in favor of the injured person is conclusive upon him as to the amount of his damages, unless

- 9 -

> (a) There were limitations on the competence of the forum in the first action preventing him from obtaining the full measure of his damages, as stated in § 26(1)(c), or he exercised the option stated in § 26(1)(e) to divide his claim; or
>
> (b) Different rules govern the measure of damages in the two actions
>
> (3) If the action is brought against the primary obligor and judgment is against the injured person, it extinguishes the claim against the person vicariously responsible if under applicable law the latter is an indemnitor whose liability arises only when the primary obligor is found liable to the injured person.
>
> (4) A judgment by consent for or against the injured person does not extinguish his claim against the person not sued in the first action except:
>
> (a) In the circumstances stated in Subsection (3); and
>
> (b) To the extent stated in §50.

"A consent decree [judgment] . . . is an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees." Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 378, 112 S.Ct. 748, 757 (1992). The effects of such a judgment should not be any different than any other type of judgment. Day v. Davidson, 951 P.2d 378, 382 (Wyo. 1997). If the parties and the court do not specifically agree upon an alternative effect to be given to such a judgment, the effect of a Rule 68 judgment should not be distinguishable from any other type of judgment. Id.

The facts in Day are remarkably similar to the relevant facts here. In Day, a store patron who was injured when a bookcase fell on her, sued the store based on its vicarious liability for the liability of its employee. After accepting an offer of judgment from the store, the plaintiff sued the employee. The trial court granted defendant-employee's motion for summary judgment. The plaintiff appealed. The Supreme Court of Wyoming held that (1) unless the parties have provided otherwise, as dictated in Restatement (Second) of Judgments §51, a consent judgment is treated the same as judgment on the merits, and (2) an award of

1  damages established in consent judgment established the limit on damages in action against
2  the first defendant is the limit of the damages that may be claimed against the second
3  defendant. Id. at 383. Plaintiff did not distinguish Day from the instant case.
4       In his Notice of Supplemental Authority in Support of Opposition to Defendant's
5  Motion for Sanctions, Plaintiff cites recently decided State Farm Ins. Co. v. Premier
6  Manufactured Systems, 142 P.3d 1232, 213 Ariz. 419 (App. 2006). Defendant filed a Notice
7  of Supplemental Authority in Support of Rule 11 Sanctions that also addresses State Farm.
8  However, State Farm applies to the allocation of liability and comparative fault when both
9  the seller and manufacturer of a defective product are joined in the same lawsuit. Thus, State
10 Farm is not applicable here because Plaintiff did not sue both the seller and the manufacturer
11 in either the instant lawsuit or in Manjarres I.
12      Accordingly, as demonstrated in Day, the Restatement (Second) of Judgments §51,
13 is the appropriate determination of whether Plaintiff's claims against CTNA are precluded
14 based on the judgment against Big O in Manjarres I. Pursuant to Restatement (Second) of
15 Judgments §51, unless the claim Plaintiff asserted against CTNA in the second action are
16 based upon grounds that Plaintiff could not have asserted in the first action or the judgment
17 in the first action was based on a defense that was personal to the defendant in the first
18 action, Plaintiff's claims against CTNA in the instant lawsuit are barred. There is no
19 indication that either of these exceptions to the Restatement (Second) of Judgments §51
20 applies.
21 D.    PUBLIC POLICY
22      Arizona public policy favors joining in one action all known and available tortfeasors
23 as defendants. Bridgestone/Firestone, 79 P.3d at 1212. See United States Fid. & Guar. Co.
24 v. Alfalfa Seed & Lumber Co., 38 Ariz. 48, 52-53, 297 P. 862, 864 (1931) ("Unquestionably
25 the policy of our law is to determine the rights of all parties to a controversy in one suit, if
26 possible."); Ariz. Title Ins. & Trust Co. v. Kelly, 11 Ariz.App. 254, 255, 463 P.2d 838, 839
27 (1970) ("The Rules of Civil Procedure, both before and after the extensive amendments [of]
28

1  . . . 1966, encourage the joinder of all appropriate parties in a single suit to avoid multiplicity
2  of litigation."); see also Staffco, Inc. v. Maricopa Trading Co., 122 Ariz. 353, 357, 595 P.2d
3  31, 35 (1979) ("The thrust of . . . [joinder] rules is that whenever possible, all claims should
4  be disposed of in one action"); Bill Alexander Ford, Lincoln, Mercury, Inc. v. Casa Ford,
5  Inc., 187 Ariz 616, 618, 931 P.2d 1126, 1128 (App. 1996) (under Restatement (Second) of
6  Judgments §29, plaintiff could not seek additional damages is subsequent action against
7  defendant when plaintiff "had the opportunity to litigate all such claims" in earlier action
8  against other defendants).  "Concerns relating to judicial economy also militate against
9  allowing plaintiffs to litigate their cases over and over again one defendant at a time."
10 Kathios v. General Motors Corp., 862 F.2d 944, 951 (1988).

11       The court documents indicate that the plaintiffs in Manjarres I were aware of CTNA's
12 role in manufacturing the defective tire and in their involvement in accepting Big O's tender
13 of defense of that action.  In fact, there is evidence to indicate that the plaintiffs were aware
14 of CTNA's liability before the discovery cutoff date of December 31, 2002.  However, the
15 plaintiffs did not move to add CTNA until after that discovery deadline, despite CTNA's
16 availability to be served as a defendant and ample opportunity to serve CTNA before the
17 deadline.  This Court is not inclined to reward Plaintiff here for a lack of due diligence in
18 Manjarres I by allowing further recovery for the same injury, the cause of which has already
19 been litigated.  See Bridgestone/Firestone, 206 Ariz. at 450, 79 P.3d at 1209.

20 E.    CONCLUSION

21       The Court finds that Plaintiff brought the identical product liability claims against
22 CTNA here as it did against Big O in Manjarres I.  Pursuant to the Restatement (Third) of
23 Torts: Apportionment of Liability, §7, and the Restatement (Second) of Judgments §51,
24 CTNA and Big O are considered a single entity for apportionment purposes.  The offer of
25 judgment, which Plaintiff accepted, and subsequent satisfaction of that judgment in
26 Manjarres I extinguishes Plaintiff's claims that derive from the injuries he incurred in the
27 September 11, 1999 automobile accident.  Thus, the Court finds that the present case is barred
28

by the doctrines of satisfaction of judgment and claim preclusion. Furthermore, allowing this lawsuit to proceed would violate Arizona's public policy against litigating the same issues in a subsequent lawsuit. Accordingly, Defendant's Motion to Dismiss is granted.

II.     DEFENDANT'S MOTION FOR RULE 11 SANCTIONS

Rule 11 provides in relevant part as follows:

> Every pleading, motion, and other paper . . . [filed with the Court] shall be signed by at least one attorney of record [or the party]. . . .
>
> The signature of an attorney or party constitutes a certificate by the signer that the [paper] . . . is well grounded in fact and is warranted by existing law or a good faith argument for the extension . . . of existing law . . . and that it is not interposed for any improper purpose. . . .
>
> If a . . . paper is signed in violation of this rule, the court . . . shall impose . . . an appropriate sanction . . . .

The test to determine whether a Rule 11 sanction is warranted is an objective one. Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986). The certification requirements of Rule 11 are violated "if the paper filed . . . is frivolous, legally unreasonable or without factual foundation, even though . . . not filed in subjective bad faith." Id.

Under this objective interpretation of Rule 11, a cause of action is "well grounded in fact" if an independent examination reveals "some credible evidence" to support a party's statements. Kendrick v. Zanides, 609 F.Supp. 1162, 1172 (N.D.Cal. 1985). A cause of action is not "warranted by law" where no "plausible, good faith argument can be made by a competent attorney" in support of the proposition asserted. Zaldivar, 780 F.2d at 829, 833.

Finally, under the objective interpretation of Rule 11, improper purpose is determined following the Court's own review of the facts and the law: where there is no legal or factual basis for a claim, improper purpose may be deduced. See Huettig & Schromm, Inc. v. Landscape Contractors, 790 F.2d 1421, 1427 (9th Cir. 1986). Similarly, where there is a basis for a claim in law and fact, the "subjective intent of the pleader . . . is of no moment." Zaldivar, 780 F.2d at 830.

- 13 -

By its terms, sanctions under Rule 11 are limited to misconduct in the filing of "pleadings, motions, or other papers" with the Court. <u>United Energy Owners v. United Energy Management Systems, Inc.</u>, 837 F.2d 356, 364-65 (9th Cir. 1988). Additionally, the terms of Rule 11 are mandatory, and where the certification required by Rule 11 has been violated, sanctions must be imposed. <u>Golden Eagle Distributing Corp. v. Burroughs Corp.</u>, 801 F.2d 1531, 1536, 1540 (9th Cir. 1986). However, the type and amount of sanction remain within the discretion of the Court. <u>Id.</u>

Defendant has filed a Motion requesting that the Court impose Rule 11 sanctions against the Plaintiff in the form of its costs and attorneys' fees incurred during the pendency of this lawsuit.

Plaintiff asserts that Defendant's Motion for Rule 11 Sanctions is an improper attempt to bolster it's Motion to Dismiss. Plaintiff opposes the Motion arguing that CTNA is distinct from Big O and that both entities have different amounts of fault. Thus, Plaintiff asserts that he did not bring the lawsuit in bad faith or for an improper purpose but, rather, he brought the lawsuit with facts warranted by existing law for a valid lawsuit.

Though the Court finds that the existing law does not warrant Plaintiff's attempted "second bite at the apple," Plaintiff's undertaking to convince the Court of its entitlement does not warrant the imposition of sanctions. Moreover, although insufficient to survive Defendant's Motion to Dismiss, the Court finds that Plaintiff's claims were not "frivolous, legally unreasonable or without factual foundation." Thus, Defendant's Motion for Sanctions is denied.

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED that Defendant's Motion to Dismiss (Doc. 3) is granted.

IT IS FURTHER ORDERED that Defendant's Motion for Rule 11 Sanctions (Doc. 17) is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment accordingly.

DATED this 12th day of March, 2007.

_____
Mary H. Murgula
United States District Judge